**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Carmen D. Collazo-Edwards,** | ) | Civil Action No.:_____ 4:24-cv-7294-JD |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **Experian Information Solutions, Inc,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT

1.     This is an action brought by Plaintiff, Carmen D. Collazo-Edwards, for actual, statutory and punitive damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, (hereinafter "FCRA").

2.     The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.     The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4.     Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5.     To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681e and 1681i, which are two of the cornerstone provisions of the FCRA.

6.     One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

## JURISDICTION AND VENUE

7.     This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331 and §1332.

8.     Venue is proper in the Florence Division because the Plaintiff resides in Florence County and the Defendant transacted business in this division.

## PARTIES

9.     Plaintiff, Carmen D. Collazo-Edwards, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years.  Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

10.     Defendant Experian Information Solutions, Inc., ("Experian") is an Ohio company

registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

11.     Defendant Experian is a credit reporting agency ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a.  Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12.     Defendant disburses such consumer reports to third parties under contract for monetary compensation.

13.     Defendant's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

14.     The Plaintiff alleges that Defendant repeatedly failed to block, delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file, and failed to investigate Plaintiff's disputes.  Defendant repeatedly disseminated Plaintiff's inaccurate credit file to third parties, causing Plaintiff to be denied credit and subjected to further damages as set forth herein.

## FACTUAL ALLEGATIONS

15.     In or around May of 2017, Plaintiff discovered she had been the victim of identity theft.  On May 24, 2017, Plaintiff filed a police report with the Florence County Sheriff's Office specifically stating her bank account and credit card accounts had been fraudulently used by an unknown person.  Plaintiff also notified her bank and the credit card companies of the fraud.

16.     In June of 2023, Plaintiff applied for a new apartment with Habitat 2000, LLC, but her request was denied.  Plaintiff is on a fixed income and the apartment complex she applied to provided larger apartments at a lesser cost than she currently pays in housing each month.

17.     Thereafter, Plaintiff obtained a copy of her credit report and discovered that several accounts belonging to her that had been fraudulently taken over and used without her knowledge or permission were reporting on her credit.

18.     On or about October 13, 2023, Plaintiff sent a written dispute letter to Experian ("First Dispute"). In her letter, Plaintiff informed Defendant that she had been the victim of identity theft and fraud, and that she had been denied an apartment because of accounts being inaccurately reported on her credit.  Plaintiff specifically disputed the reporting of four accounts: Bank of America, Account #*2306, JPMCB – Card Services, Account #0191, B&T, Account #6412, and BB&T, Account #4366.  Plaintiff stated these four accounts were her accounts, but they had been fraudulently taken over and used without her permission.  Plaintiff requested that all of these accounts be deleted from her credit report.  Plaintiff included a copy of the police report she filed with her dispute letter and

asked that a fraud alert be added to her credit file. In addition, Plaintiff provided her full social security number, date of birth, and address.

19.     Defendant never responded to Plaintiff's First Dispute.

20.     Defendant never investigated Plaintiff's First Dispute.

21.     On or about January 31, 2024, Plaintiff sent a second written dispute letter to Experian ("Second Dispute"). In this letter, Plaintiff stated she had written to Defendant on October 13, 2023, but never received a response. Plaintiff again told Defendant that she had been the victim of identity theft and, that because of fraudulent accounts appearing on her credit report, she had been turned down for an apartment. Plaintiff disputed the Bank of America, JPMCB-Card Services, and two Truist Bank accounts reporting on her credit report as having been fraudulently taken over and used without her knowledge or permission, and requested they be deleted from her credit report. Plaintiff included another copy of the police report she filed with her dispute letter. Plaintiff also asked for a fraud alert be added to her credit file and for Defendant to send her a full copy of her Experian credit report.

22.     Again, Defendant never responded to Plaintiff's Second Dispute.

23.     Defendant never investigated Plaintiff's Second Dispute.

24.     On or about April 15, 2024, Plaintiff sent a third written dispute letter to Experian ("Third Dispute"). In this letter Plaintiff stated she had written Defendant on October 13, 2023, and January 31, 2024, but had not received a response to either letter. Plaintiff again informed Defendant she had been the victim of identity theft and was denied an apartment due to fraudulent accounts appearing on her credit report. Plaintiff disputed the Bank of

America, JPMCB-Card Services, and two Truist Bank accounts reporting on her credit report as having been fraudulently taken over and used without her knowledge or permission, and requested they be deleted from her credit report. Plaintiff also asked Defendant to confirm a fraud alert had been added to her credit report, and again requested a full copy of her Experian credit report be sent to her. Plaintiff enclosed another copy of the police report and a copy of her driver's license.

25.    Defendant never responded to Plaintiff's Third Dispute.

26.    Defendant never investigated Plaintiff's Third Dispute.

27.    To date, Defendant continues to refuse to block the fraudulent information from Plaintiff's Experian credit file and continues to incorrectly report multiple fraudulent accounts as belonging to Plaintiff.

28.    The "grave responsibility" imposed by §1681i(a) must consist of something more than merely parroting information received from other sources. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).

29.    Experian's knowing and repeated conduct warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

## <u>COUNT ONE</u>
(Fair Credit Reporting Act)

30.    The Plaintiff adopts the averments and allegations of paragraphs 15 through 29 hereinbefore as if fully set forth herein.

6

31.     Defendant maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:  (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) failing to block the reporting of fraudulent information, as required by 15 U.S.C. §1681c-2(a).

32.     Defendant repeatedly and negligently failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

33.     Defendant repeatedly and negligently failed to conduct a reasonable reinvestigation of Plaintiff's disputes of the accounts fraudulently taken over and never provided Plaintiff with any investigation results.

34.     Defendant repeatedly and negligently refused to block information reporting on Plaintiff's credit file despite receipt of a valid police report.

35.     Defendant repeatedly and negligently refused to provide Plaintiff a copy of Plaintiff's Experian credit report after she requested same.

36.     As a result of Defendant's negligent violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of housing, loss of access to credit, anxiety, worry, fear, loss of sleep, family discord, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment, and mental anguish. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

37.     In addition, Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

38.     Plaintiff is entitled to her attorneys' fees, pursuant to 15 U.S.C. §1681n(a).


**COUNT TWO**
(Fair Credit Reporting Act)

39.     The Plaintiff adopts the averments and allegations of paragraphs 15 through 38 hereinbefore as if fully set forth herein.

40.     Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:  (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) failing to block the reporting of fraudulent information, as required by 15 U.S.C. §1681c-2(a).

41.     Defendant willfully failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

42.     Defendant willfully failed and/or refused to conduct a reasonable reinvestigation of Plaintiff's disputes of the accounts fraudulently taken over and never provided Plaintiff with any investigation results.

43.     Defendant willfully refused to block information reporting on Plaintiff's credit file despite receipt of a valid police report.

44.     Defendant willfully refused to provide Plaintiff a copy of Plaintiff's Experian credit

report after she requested same.

45.     Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff is entitled to statutory damages.

46.     As a result of Defendant's willful violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of housing, loss of access to credit, anxiety, worry, fear, loss of sleep, family discord, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment, and mental anguish. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

47.     In addition, the Plaintiff has incurred litigation expenses, and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

48.     Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights.   Therefore, Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

49.     Plaintiff is entitled to her attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

## <u>AMOUNT OF DAMAGES DEMANDED</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A.     Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.     Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.     Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C.

§1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.     For such other and further relief as the Court may deem just and proper.

*/s/ Penny Hays Cauley*
Penny Hays Cauley, Fed.  ID No.  10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Penny Hays Cauley*
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Experian Information Solutions, Inc.
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223